Zobel, J.
Plaintiff here seeks compensation for services rendered Defendants’ investment funds. He says he undertook to locate investors for Defendants’ Zero Stage Capital Assurance Fund (“ZSCAF"), and that they in turn agreed to pay him 2.5% of the profits earned by the funds for which he solicited, plus 2% of “capital raised, paid by the investor." Defendants also paid him a $2,000 monthly advance, travel expenses, and certain office support.
Unfortunately, no investor placed any money with ZSCAF.
Later, the parties concluded an agreement regarding referral fees due Plaintiff for investments by the Worcester County Retirement System in Defendants’ non-ZSCAF funds. They established Plaintiffs fee at 3% and outlined a payment schedule, including set-offs which Plaintiff owed Defendants.
Plaintiff, although acknowledging the absence of investment in ZSCAF, claims that an oral agreement with Defendants entitles him to fees for contacting investors who invested in the non-ZSCAF funds. Defendants understandably point to Statute of Frauds, G.L.c. 259, §7. Plaintiff argues, however, that §7 is inapplicable here because it applies only to the sale or purchase of a business; and, second, because Plaintiff was not acting as a “finder.” On both grounds, Plaintiffs arguments are unpersuasive, see Bay Colony Marketing Co. v. Fruit Salad, Inc., 41 Mass.App.Ct. 662, 664-66 (1996).
The statute seems plain:
Any agreement to pay compensation for service as a broker or finder or for service rendered in negotiating a loan or in negotiating the purchase, sale or exchange of a business, its good will, inventory, fixtures, or an interest therein . . . shall be void and unenforceable unless such agreement is in writing, signed by the party to be charged . . . G.L.c. 259, §7.
Although Plaintiff would apply this language only to those engaged in negotiating the sales or purchases of businesses, in fact it covers any “broker or finder," or those negotiating the sales- or purchases of businesses. Bay Colony Marketing Co. v. Fruit Salad, Inc., supra, at 665-66. The word “or” between the two phrases suggests that the legislature considered each category disjunctively: “broker or finder,” as opposed to those negotiating sales or purchases of businesses, id. at 665.
Plaintiff contends however, that he is neither a broker nor a finder for purposes of the statute. Applying the words in their plain sense, id. at 665 n.4, Plaintiff comes easily within the definition. His main function here, despite any lack of label, was to contact investors, introduce them to Defendants’ investment plani and to receive a share of the profits from any resultant investment.
A “finder” is “(a]n intermediary who contracts to find, introduce and bring together parties to a business opportunity, leaving ultimate negotiations and consummation of business transaction to the principals,” Black’s Law Dictionary 631 (6th ed. 1990); see also, Annot., Validity, Construction, and Enforcement of Business Opportunities or “Finder’s Fee” Contract, 24 A.L.R.3d 1160, 1164(1969).
Nothing in the present record suggests that Plaintiff was anything but a finder. Absent a written agreement his claim is barred by G.L.c. 259, §7. Defendants, therefore, are entitled to judgment as a matter of law.
Plaintiff also suggests that he has not received the remuneration required by the later agreement. He admits, however, receiving the first $15,000 payment from Defendants in August 1995, as well as another, for $15,975, in August 1996. The only payments left to be made are those outlined in the agreement; none is due until August 1997 and August 1998.
Plaintiff also disputes the set-offs, although the agreement he accepted plainly states them. Because he alleges no facts impeaching the agreement’s validity, he cannot question its conditions, see John Hancock Mutual Life Insurance Co. v. Schwarzer, 354 Mass. 327, 329 (1968); see also Ferris v. Marriott Family Restaurants, Inc., 878 F.Sup. 273, 275 (D.Mass. 1994).
ORDER
Accordingly, it is Ordered, that Defendants’ Motion for Summary Judgment be, and the same hereby is, Allowed.